# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cr-00096-TWP-DLP |
| | ) | |
| CHRISTOPHER TATE, | ) | -01 |
| JOVAN STEWART, also known as PESO, | ) | -02 |
| SANDRA KELLOGG, and | ) | -06 |
| DWYATT HARRIS, | ) | -11 |
| | ) | |
| Defendants. | ) | |

## ENTRY GRANTING GOVERNMENT'S MOTION *IN LIMINE*

This matter is before the Court on a Motion *in Limine* filed by Plaintiff United States of America ("the Government") (Filing No. 686).  Defendants Christopher Tate ("Tate"), Jovan Stewart ("Stewart"), Sandra Kellogg ("Kellogg"), and Dyatt Harris ("Harris") (collectively, "the Defendants") are scheduled for jury trial on February 7, 2022, on multiple counts including conspiracy to distribute controlled substances, and distribution and possession of methamphetamine. (Filing No. 514.) The Government seeks a pretrial ruling relative to the admissibility of inculpatory statements made by Kellogg during a Mirandized confession.  For the following reasons, the Motion *in Limine* is **granted**.

## I.    LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose.  *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  Unless evidence meets this exacting standard, evidentiary rulings must be deferred until

trial so questions of foundation, relevancy, and prejudice may be resolved in context.  *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded.  *Id.* at 1401.

## II.    BACKGROUND

The Second Superseding Indictment alleges that Tate was the leader of a drug trafficking organization that distributed methamphetamine and heroin in the Indianapolis, Indiana area beginning in November 2019 through early 2020.  (Filing No. 514.)  Stewart and Kellogg allegedly distributed methamphetamine for Tate, and Harris allegedly served as a drug runner for Kellogg. *Id*.  This drug conspiracy case originally involved thirteen defendants.  Four co-defendants – Tate, Stewart, Kellogg and Harris – are scheduled to proceed to jury trial on February 7, 2022.  A final pretrial conference is scheduled for January 18, 2022.

On March 19, 2020, Kellogg provided a videotaped post-*Miranda* statement to Drug Enforcement Administration ("DEA") Special Agent Matthew W. Holbrook.  During her statement, Kellogg admitted that she used telephone number (574) 526-3028; that she obtained methamphetamine from "Homie," whom she later identified as Christopher Tate; that she met Tate through another methamphetamine trafficker (Tim Clark); and that she had last purchased drugs through Tate at the parking lot of a Family Dollar store in Indianapolis on the Saturday or Sunday preceding her arrest.  Kellogg stated that another individual whom she did not know delivered one pound of methamphetamine to her.  She admitted that the methamphetamine found at her residence during the execution of the DEA search warrant came from this pound of methamphetamine. Kellogg further stated that she received methamphetamine from "Pesos" – whose true name is Jovan Stewart – and "Pesos" delivered drugs to her for Tate.  According to Kellogg, Tate indicated

that "Pesos" was his brother.  Kellogg also admitted to sending Harris to obtain methamphetamine from "Pesos" in Indianapolis.

October 20, 2021, the Government filed the instant Motion *in Limine*, seeking a pretrial ruling to introduce into evidence a redacted version of Kellogg's confession, which implicates her three co-defendants.  (Filing No. 686.)  The Defendants were given until November 3, 2021 by which to file a response.  (Filing No. 688.)  To date, no responses have been filed by any of the Defendants.

### III.   DISCUSSION

Because Kellogg's Mirandized statement implicates Tate, Stewart and Harris—co-defendants who are joined with her at trial—the Government acknowledges that it must either move to sever the Defendants or introduce a redacted confession into evidence pursuant to *Bruton v. United States* 391 U.S. 123 (1968), and its progeny.

In *Bruton,* the United States Supreme Court explained that "powerfully incriminating extrajudicial statements of a codefendant," like the confession of a co-defendant, are generally inadmissible, even with a proper jury instruction.  *Id*. at 135–36.  The Supreme Court later refined *Bruton*'s reach in *Richardson v. Marsh*, 481 U.S. 200 (1987), holding that the admission of a nontestifying co-defendant's confession does not violate a defendant's right to confrontation if (1) the confession is redacted "to eliminate not only the defendant's name, but any reference to his or her existence" and (2) the trial court provides a proper limiting instruction.  481 U.S. at 211. In *Gray v. Maryland*,  523 U.S. 185 (1998), the Supreme Court held the redactions must not be so "obvious" so as to "closely" resemble an unredacted statement.  The Seventh Circuit interpreted *Bruton*, *Richardson*, and *Gray* in *United States v. Sutton*, 337 F.3d 792 (7th Cir. 2003), holding

that "a redaction that replaces co-defendant names with neutral pronouns, such that there is no obvious reference to the co-defendants"' will satisfy the *Bruton* requirements. *Id.* at 799.

With these legal principles in mind, the Government seeks to introduce the following redacted statements:

Kellogg admitted that she used telephone number (574) 526-3028.

Kellogg admitted that she obtained methamphetamine from a methamphetamine source in Indianapolis. Kellogg stated that she met this methamphetamine source through another methamphetamine trafficker named Tim Clark. Kellogg stated that Clark had previously supplied her with methamphetamine.

Kellogg stated that she last purchased drugs through her methamphetamine source at the parking lot of a Family Dollar store in Indianapolis on the Saturday or Sunday preceding her arrest. Kellogg stated her methamphetamine source sent a drug runner whom she did not know [to] deliver[] one pound of methamphetamine to her. Kellogg added that the methamphetamine found at her residence during the execution of the DEA search warrant came from this pound of methamphetamine.

Kellogg stated that she also received methamphetamine from a second drug runner who worked for her methamphetamine source. Kellogg also admitted to sending her own drug runner to obtain methamphetamine from her source's drug runner in Indianapolis.

(Filing No. 686 at 3).

The Court agrees with the Government that as redacted, Kellogg's statement may be admitted since the redactions replace her co-defendants' names with neutral pronouns and there is no obvious reference to Tate, Stewart or Harris. If the redacted statement is offered and admitted into evidence, the Court will issue a limiting instruction that the jury should only consider Kellogg's confession as evidence pertaining to Sandra Kellogg and not as evidence pertaining to any other Defendant at trial. *See United States v. Jett*, 908 F.3d 252, 278 (7th Cir. 2018).

Accordingly, the Government's Motion *in Limine* is **granted**.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** the Government's Motion *in Limine* Relative to Inculpatory Statement of Sandra Kellogg, (Filing No. 686).  An order *in limine* is not a final, appealable order.  If the parties believe that evidence excluded by this Entry becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:  11/30/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kenneth Lawrence Riggins
kennethriggins@yahoo.com

John L. Tompkins
BROWN TOMPKINS LORY & MASTRAIN
johnltom@mac.com

Doneaka Rucker-Brooks
LAW OFFICE OF DONEAKA BROOKS
doneakabrooks@yahoo.com

Andrew J. Borland
LAW OFFICE OF ANDREW BORLAND
ajb@indianapolisdefense.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov