# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cr-00096-TWP-DLP |
| | ) |
| CHRISTOPHER TATE, | ) -01 |
| JOVAN STEWART, | ) -02 |
| SANDRA KELLOGG, and | ) -06 |
| DWYATT HARRIS, | ) -11 |
| | ) |
| Defendants. | ) |

**ENTRY ON GOVERNMENT'S MOTIONS *IN LIMINE* (Dkt. 697, 706, 707 AND 708)**

This matter is before the Court on several Motions *in Limine* filed by Plaintiff United States of America ("the Government") (Dkt. 697, Dkt. 706, Dkt. 707, Dkt. 708). Defendants Christopher Tate ("Tate"), Jovan Stewart ("Stewart"), Sandra Kellogg ("Kellogg"), and Dwyatt Harris ("Harris") (collectively, "the Defendants") are scheduled for trial by trial beginning on February 7, 2022, on multiple counts including Conspiracy to Distribute Controlled Substances, Distribution of Methamphetamine, and Possession of Methamphetamine with Intent to Distribute. (Dkt. 514.) The Government seeks pretrial rulings relative to the admissibility of certain evidence at trial. For the following reasons, the Motions *in Limine* are **granted in part and denied in part**.

## I. LEGAL STANDARD

Motions *in limine* are common, and frequently granted, in criminal as in civil trials. *See U.S. v. Warner*, 506 F.3d 517, 523 (7th Cir. 2007). As the Seventh Circuit has summarized: "Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy

and complex evidentiary issues." *U.S. v. Tokash*, 282 F.3d 962, 968 (7th Cir.), cert. denied, 535 U.S. 1119 (2002), citing *U.S. v. Haynes*, 143 F.3d 1089, 1090 (7th Cir. 1998), and *U.S. v. Blassingame*, 197 F.3d 271, 279 (7th Cir. 1999). Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). The court should grant a motion *in limine* only if the movant demonstrates that the evidence in question is inadmissible on any ground, for any purpose. *See, e.g.*, *Jonasson*, 115 F.3d at 440; *Ellis v. Country Club Hills*, 2011 WL 6001148 (N.D. Ill. 2011). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400-1401 (N.D. Ill. 1993). Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. BACKGROUND

The Second Superseding Indictment alleges that Tate was the leader of a drug trafficking organization that distributed methamphetamine and heroin in the Indianapolis, Indiana area beginning in Summer 2019 through March 19, 2020. (Dkt. 514.) Stewart and Kellogg allegedly distributed methamphetamine for Tate, and Harris allegedly served as a drug runner for Kellogg. *Id*. This drug conspiracy originally involved thirteen defendants, but only four co-defendants – Tate, Stewart, Kellogg and Harris – are scheduled to proceed to jury trial on February 7, 2022. All four Defendants are charged in Count One: Conspiracy to Distribute Controlled Substances. Tate is charged in Count Two: Distribution of Methamphetamine. Tate and Stewart are charged

in Count Three: Possession of Methamphetamine with Intent to Distribute. Tate is charged in Count Four: Distribution of Methamphetamine. Kellogg is charged in Count Five: Possession of Methamphetamine with Intent to Distribute. Sentencing Enhancements are filed against Tate which allege that he has a prior conviction for a serious violent felony, as well as the status of being on pretrial release at the time of committing Count Four. (Dkt. 514 at 7-8.) A final pretrial conference is scheduled for January 18, 2022. On December 22 and December 26, 2021, the Government filed the instant Motions *in Limine*, seeking pretrial rulings. The Defendants did not respond to any of the Government's Motions by the January 11, 2022 deadline or move for an extension of time to do so (*see* Dkt. 134 at 3 (setting deadline for "[f]iling of responses to motions in limine" as "[o]ne week prior to the final pretrial" conference)); Dkt. 644 at 2 (rescheduling final pretrial conference for "January 18, 2022" and keeping the "deadlines for pretrial filings" in "accordance with Dkt. 134")).

### III. DISCUSSION

The Government seeks a preliminary ruling from the Court regarding the Impeachment of Defendants pursuant to Federal Rule of Evidence 609, the submission of wiretap transcripts to the jury during their deliberations, the designation of expert witnesses and the admissibility of evidence concerning Tate's prior felony conviction for a crime of violence and his status of being on pretrial release. The Court will address each Motion in turn.

**A.    Government's Motion *in Limine* – Impeachment of Defendants Rule 609 (Dkt. 697)**

Rule 609 governs impeachment of a witness with a prior conviction:

(a) **In General**. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.
>
> (b) **Limit on Using the Evidence after 10 Years** This subdivision (b) applies of more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Federal Rule of Evidence 609. So, within the ten-year lookback period, the conviction's probative value must outweigh the prejudicial effect, and beyond ten years, the conviction's probative value must *substantially* outweigh the prejudicial effect. A limiting instruction which tells the jury that prior convictions may only be used in determining the credibility of the defendant reduces the prejudicial effect of admission. *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004).

In weighing the probative value against prejudice, the Court considers "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997).

The Government seeks the admission of certain criminal convictions of Defendants Tate, Stewart and Kellogg, should they testify at trial.

1.       **Tate's Convictions**

With respect to Tate, the Government seeks admission of his January 10, 2007 conviction for Robbery Resulting in Serious Bodily Injury (30 years' imprisonment). It appears that Tate was discharged from this case in June 2019.[1] The first factor of the balancing test weighs in favor of admitting Tate's prior conviction. *See United States v. Rein*, 848 F.2d 777, 783 (7th Cir. 1988) ("[T]he fact that the defendant has been convicted of a prior offense may legitimately imply that he is more likely to give false testimony than other witnesses."). The second factor weighs in favor of admission because Tate's prior conviction is within the last ten years from the commencement of the current offense. The third factor, weighs in favor of admission, because of the dissimilarity between the prior conviction and the instant offense. Factors four and five of the balancing test also weigh in favor of admission because if Tate testifies at trial, his credibility will be central to his defense which ultimately, increases the impeachment value of the convictions. The Court determines this conviction can be admitted at trial as impeachment evidence.

2.       **Stewart's Convictions**

With respect to Stewart, the Government seeks admission or his November 15, 2006 conviction for Battery (released 11/6/2010), April 17, 2012 conviction for Possession of a Controlled Substance, September 10, 2013 conviction for Possession of a Firearm by a Serious Violent Felon (released 9/13/2017), and September 10, 2013 conviction for Battery. All of these convictions are within the 10-year look back period; so the first and second factors weigh in favor of admission. The third factor of the balancing test weighs in favor of admission of Stewart's

---

[1] According to his pretrial services report, on 12/20/2016, Tate's sentence was modified and the balance of his executed sentence was served at Marion County Community Corrections; on 05/19/2017 he was continued on community corrections and discharged from community corrections on 01/07/2019. (Filing No. 21 at 4.)

convictions for Battery (twice) and Possession of a Firearm by a Serious Violent Felon because of the dissimilarity between the prior convictions and the instant offense. Stewart's felony conviction for possession of a controlled substance is a closer call because this conviction is similar to the charge in Count Three: Possession of Methamphetamine With Intent to Distribute. The danger of unfair prejudice increases with convictions of similar nature because, "a jury is more likely to misuse the evidence for purposes other than impeachment, that is, to regard the prior convictions as evidence of a propensity to commit crime or of guilt, despite instructions to the contrary." *United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977) (citing *United States v. Harding*, 525 F.2d 84, 89-90 (7th Cir. 1975)). Regarding the fourth and fifth factors of the balancing test, there is a risk that Stewart will be deterred from taking the stand due to apprehension that a jury will hear about his past conviction for possession of a controlled substance exists, therefore the fourth and fifth factors weigh in favor of inadmissibility. The Court determines the balancing factors weigh in favor of excluding Stewart's 2012 conviction for Possession of a Controlled Substance. However, the Government may offer Stewart's two convictions for Battery and conviction for Possession of a Firearm by a Serious Violent Felon as impeachment evidence.

    **3.    <u>Kellogg's Convictions</u>**

Concerning Kellogg, the Government seeks to offer her February 3, 2005 conviction for Dealing in Cocaine, June 8, 2016 conviction for Failure to Return to Lawful Detention, and June 8, 2016 conviction for Unlawful Possession of a Syringe. Because of the age of the Dealing in Cocaine and its similarity to the offenses charged, the Court denies admission of this conviction. However, the balancing test clearly weighs in favor of admitting the 2016 conviction for Failure to Return to Lawful Detention, and 2016 conviction for Unlawful Possession of a Syringe. The

probative value of these two convictions outweighs the prejudice they might engender and the Government may offer them as impeachment evidence should Kellogg testify at her trial.

While the Defendants' convictions which the Court deems admissible do not have the impeachment value of crimes involving dishonesty, as articulated by the Seventh Circuit, "[A] prior felony need not have involved 'inherent dishonesty' to be probative and admissible under Fed. R. Evid. 609(a)(1)." *United States v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir. 1993). All prior felonies have a certain level of probative value concerning credibility; thus the first factor weighs in favor of admitting the prior convictions. *See Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992) ("The idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully.").

If Tate, Stewart, or Kellogg testify at trial, and the Government offers evidence of their prior convictions, the Court will issue a limiting instruction explaining to the jurors that they may only consider those prior convictions for the purposes of determining whether the Defendant is a credible witness, and they may not infer that he or she has a propensity to commit crimes. In addition, the Court limits any examination regarding criminal history to the particular felony charged, the date, and the disposition. *See United States v. Fawley*, 137 F.3d 458, 473 (7th Cir. 1988); *United States v. Robinson,* 8 F.3d 398, 409 (7th Cir. 1993). Accordingly, Government's Second Motion *in Limine* – Impeachment of Defendants Rule 609, (Dkt. 697), is **granted in part and denied in part**.

### B. Government's Motion *in Limine* – Submission of Wiretap Transcripts (Dkt. 706)

The Government intends to offer into evidence numerous telephone conversations stemming from court authorized wire and electronic surveillance. The Government has prepared transcripts of these telephone conversations that it will offer into evidence along with the

recordings. The Government requests that the Court send the transcripts to the jury during the deliberation phase of the trial. The Government points out that the Seventh Circuit has consistently upheld the practice of allowing jurors to use transcripts of wiretap recordings during deliberations, even in cases involving the English language. *United States v. Neighbors*, 590 F.3d 485, 495 (7th Cir. 2009); *United States v. Breland*, 356 F.3d 787, 794 (7th Cir. 2004); *United States v. Magana,* 118 F.3d 1173, 1184 (7th Cir. 1997). No Defendant has objected to this request. The Motion *in Limine*, (Dkt. 706), is **granted** and the Court will allow the jurors to take their transcript books with them to the jury room during deliberations, which will also allow them to make notes in the transcript books.

**C.** **Government's Motion *in Limine* – Designation of Expert Witnesses (Dkt. 707)**

The Government asks the Court to designate all witnesses testifying pursuant to Rule 702 as "expert witnesses" before the jury and to permit the parties to refer to these witnesses as experts before the jury. (Dkt. 707.) The Government intends to call Kerry K. Inglis, a Special Agent with the Federal Bureau of Investigation to testify as an expert concerning violations of controlled substance laws. Kristin Schumacher, an Intelligence Analyst with the Drug Enforcement Administration ("DEA") in Indianapolis will be called to testify concerning her receipt of cellular site information from various cellular service providers and identify the location of the relevant cellular telephones at various stages of the criminal activity charged in the Second Superseding Indictment. The Government intends to call Matthew W. Holbrook, a Special Agent with the DEA in Indianapolis to testify as an expert concerning violations of controlled substance laws. Consistent with the Court's current Courtroom Practice and Trial Procedures, this request is **granted**. If the Government is able to qualify its witnesses as experts before the jury, the Court will designate those witnesses as experts.

### D.     Government's Motion *in Limine* – Prior Convictions and Release Status (Dkt. 708)

The Government contends Defendant Tate has sustained a prior conviction for a serious violent felony, which triggers enhanced mandatory minimums pursuant to 21 U.S.C. § 841(b); and Tate committed Count Four of the Second Superseding Indictment while on pretrial release, which triggers a mandatory consecutive sentence pursuant to 18 U.S.C. § 3147. Given the impending demise of *Almendarez-Torres v. United States* (523 U.S. 224, 226 (1998)[2], and the decision in *Apprendi v. New Jersey*, 120 S.Ct. 2348[3], the Government believes that it now has the burden of proving the facts of (1) Tate's conviction for a serious violent felony, and (2) Tate's status on pretrial release, to a jury beyond a reasonable doubt as alleged in the Sentencing Enhancement. (Dkt. 708.)

Relying on the majority opinion in *United States v. Shepard*, 544 U.S. 13 (2005)[4], the Government asks the Court to make an initial ruling regarding the admissibility of evidence concerning Tate's prior conviction for a serious violent felony and his status on pretrial release as set forth in the "Sentencing Enhancements" section of the Second Superseding Indictment. (Dkt. 709.) In particular, the Government seeks to submit the issue of whether (1) Tate sustained a prior conviction for a serious violent felony, and (2) whether Tate was on pretrial release at the

---

[2] In *Almendarez-Torres*, a five-justice majority opinion held that section 1326(b)(2) merely constituted a penalty provision, as opposed to a separate offense, and that the appellant's recidivism did not constitute an element of a separate offense. *Id*. at 247. The majority opinion left open whether "some heightened standard of proof might apply to sentencing determinations that bear significantly on the severity of sentence." *Id*. at 248.

[3] In *Apprendi*, a five-justice majority held that the Fifth and Sixth Amendment to the Constitution requires that any fact that increases the penalty for a crime beyond the statutory maximum be submitted to a jury and proven beyond a reasonable doubt. *Id*. at 2362-63.

[4] The majority opinion in *Shepard* indicated, assigning the government the burden of proving a defendant's prior criminal record at trial gives the government the right to introduce evidence of the defendant's criminal record at trial. *Shepard*, 544 U.S. at 26 n.5.

time of committing Count Four of the Second Superseding Indictment beyond a reasonable doubt. *Id*.

In its Motion, the Government states it will accept a stipulation from Tate that he either (1) has committed the serious violent felony charged in the "Sentencing Enhancements" section of the Second Superseding Indictment, or (2) that he waives the right to a jury determination of the existence of this conviction. *Id*. at 6. Likewise, the Government will accept a stipulation from Tate that he was either (1) on pretrial release when he committed the offense charged in Count Four of the Second Superseding Indictment or (2) waives the right to a jury determination of this issue. *Id*. Should Tate sign these stipulations, the Government would not seek to offer evidence of Tate's conviction for a serious violent felony or his release status at trial. *Id*.

The Government's position is well taken, and its Motion *in limine* (Dkt. 708) is **granted**.

Tate has not filed a response in opposition to this Motion; however, he has filed a Motion *in Limine* in which he explains that "Tate will stipulate to his prior felony convictions." (Dkt. 721 at 2.) Tate is silent as to whether he will stipulate concerning his status on pretrial release. So that Tate's position is clear, the Court Orders Tate to advise the Court by a written filing on or before **noon on January 18, 2022**, whether or not he will:

(1) stipulate that he has committed the serious violent felony charged in the "Sentencing Enhancements" portion of the Second Superseding Indictment;

(2) waive his right to a jury determination of whether he has committed this serious violent felony; or

(3) require the Government to prove the existence of the serious violent felony conviction to a jury.

Further Tate shall, by a written filing no later than **noon on January 18, 2022**, advise the Court (if he is convicted of Count Four), whether he will:

(1) stipulate that he was on pretrial release when he committed Count Four of the Second Superseding Indictment;

(2) waive his right to a jury determination of whether he was on pretrial release when he committed Count Four of the Second Superseding Indictment; or

(3) require the Government to prove the facts of his release status to a jury.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES in part** the Government's Motions *in Limine*:  Filing No. 697 is **granted in part and denied in part**; Filing No. 706 is **granted**; Filing No. 707 is **granted**; and Filing No. 708 is **granted**.  An order *in limine* is not a final, appealable order.  If a party believes that evidence excluded by this Entry becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:  1/14/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kenneth Lawrence Riggins
kennethriggins@yahoo.com

John L. Tompkins
BROWN TOMPKINS LORY & MASTRAIN
johnltom@mac.com

Doneaka Rucker-Brooks
LAW OFFICE OF DONEAKA BROOKS
doneakabrooks@yahoo.com

Andrew J. Borland
LAW OFFICE OF ANDREW BORLAND
ajb@indianapolisdefense.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov