UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-cr-00096-TWP-DLP ) |
| CHRISTOPHER TATE, | ) -01 |
| JOVAN STEWART, a/k/a PESO, | ) -02 |
| SANDRA KELLOGG, | ) -06 |
| DWYATT HARRIS, | ) -11 |
| Defendants. | ) ) |

## ORDER ON DEFENDANT CHRISTOPHER TATE'S MOTION *IN LIMINE*

This matter is before the Court on a Motion *in Limine* filed by Defendant Christopher Tate ("Tate") seeking to instruct Plaintiff United States of America (the "Government") and its witnesses to "refrain from referring to, or otherwise informing the jury" of Tate's "prior criminal history including, but not limited to, his arrests, convictions, incarcerations, and uncharged criminal conduct." (Filing No. 721.)  Tate concedes that if he takes the stand at trial in his own defense, "the Government may seek to impeach his testimony with those convictions, if any of which constitute impeachable offenses under [Federal Rule of Evidence] 609 provided that the conviction is not inadmissible pursuant to FRE 609[(]b) and provided that its evidentiary value is not outweighed by its prejudicial impact," under Federal Rule of Evidence 403.  *Id*. at 1.  The Court has granted the Government's Motion *in limine* which will allow it to offer impeachment evidence of Tate's conviction for Robbery Resulting in Serious Bodily Injury, should Tate testify at his trial.  (*See* Filing No. 728 at 5.) With respect to Tate's several other convictions, the Motion is **granted**.  Moreover, Tate requests the Government be "restricted from mentioning the nature of his convictions, and the details related to the length of prior incarcerations" is **granted**.

Given the considerations and limits of the joint stipulation between the Government and Tate regarding his prior felony convictions and arrests, as well as Tate's acceptance of the Government's ability to impeach his testimony on the stand pursuant to Federal Rule of Evidence 609, (*see* Filing No. 727), the Court will **grant** Tate's Motion.

Defendant Christopher Tate's Motion *in Limine*, (Filing No. 721), is **GRANTED**. The Court therefore **ORDERS** that barring Tate taking the stand in his own defense, the Government and its witnesses **SHALL NOT** reference, mention, interrogate, attempt to convey, or otherwise inform the jury of Tate's prior criminal history related to his previous arrests, convictions, incarcerations and their length, as well as uncharged criminal conduct.

An order *in limine* is not a final, appealable order. If the Government believes that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury.

**SO ORDERED.**

Date: 1/14/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kenneth Lawrence Riggins
Kennethriggins@yahoo.com

John L. Tompkins
BROWN TOMPKINS LORY & MASTRIAN
johnltom@mac.com

Doneaka Rucker-Brooks
LAW OFFICE OF DONEAKA BROOKS
doneakabrooks@yahoo.com

Andrew J. Borland
LAW OFFICE OF ANDREW BORLAND
ajb@indianapolisdefense.com

3

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov