UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cr-00096-TWP-DLP |
| | ) | |
| CHRISTOPHER TATE, | ) -01 | |
| JOVAN STEWART, a/k/a PESO, | ) -02 | |
| SANDRA KELLOGG, | ) -06 | |
| DWYATT HARRIS, | ) -11 | |
| | ) | |
| Defendants. | ) | |

## SEALED ORDER ON THE GOVERNMENT'S MOTION *IN LIMINE*

This matter is before the Court on a Sealed Motion *in Limine* filed by Plaintiff United States of America (the "Government") seeking to prohibit questioning regarding a 2004 disciplinary action of its law enforcement witness ("LE Witness") (Filing No. 726). Defendants Christopher Tate ("Tate"), Jovan Stewart a/k/a Peso ("Stewart"), Sandra Kellogg ("Kellogg"), and Dwyatt Harris ("Harris") (collectively, the "Defendants"), are set to be tried by jury on February 7, 2022, for Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846, as well as charges for Distribution of Methamphetamine in violation of 21 U.S.C § 841(a)(1), and Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) (Filing No. 514). For the following reasons, the Court **GRANTS** the Government's Motion.

### I.     LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp.

1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.  DISCUSSION

The Government seeks a preliminary ruling prohibiting questioning at trial pertaining to a 2004 disciplinary action involving the LE Witness (Filing No. 726). From the "Findings and Recommendations" of the Indianapolis Metropolitan Police Department ("IMPD") Disciplinary Board of Captains, the relevant facts are as follows:

> On November 01, 2003 [LE Witness] had a personally owned video camera mounted to the dash of his police vehicle and recorded a police pursuit and the subsequent apprehension and arrest of the driver. [LE Witness] improperly disposed of the portion of the video that documented the conclusion of the pursuit and possible police misconduct; specifically a canine bite by [Canine Officer] and his canine.
>
> [LE Witness] showed the video at roll call. The video illustrated the driver exiting his vehicle and immediately laying on the ground in a compliant manner. The videotape also showed the canine officer exit his vehicle, get his dog out and turn toward the suspect. At this point [LE Witness] put his hand on the video camera and stopped the video. [LE Witness] gave conflicting statements during the internal investigation as to why he played the video, stopped the video, and later taped over, or erased a portion of the video.

(Filing No. 726-1 at 1).

In June 2004, the IMPD Disciplinary Board of Captains sustained violations of IMPD Rules and Regulations for the above-described conduct. The violations included: (1) Violation of any Rule, Regulation, or Order; (2) Any Breach of Discipline; and (3) Failing to Cooperate or be Truthful. *Id*. at 2. The LE Witness' superior officer noted the mitigating factor that the LE Witness "was not advised before he taped over portions of the tape that the tape would be needed in the

investigation." *Id*. Other mitigating factors included: the LE Witness did report the "late bite" of the canine to supervisors during the initial investigation of the incident, he had no prior disciplinary record, and that he had "performed in a superior manner and demonstrated a strong leadership role" following his reassignment after the incident. *Id.* at 3. The LE Witness received a 10-day suspension without pay. *Id.* at 8.

The Government contends that the 2004 disciplinary record is "stale and isolated," and any testimony related to the past disciplinary action against the LE Witness should be prohibited ([Filing No. 726 at 4](#)). The Government argues that the findings in the LE Witness' personnel file are not material and are not substantially relevant given that the disciplinary action against the LE Witness was not a conviction and the underlying facts of the violation are not material to any facts at issue in the present case. Analyzing the disciplinary record under Federal Rules of Evidence 403, the Government maintains that the probative value of this evidence—described as "marginal at best"—is significantly outweighed by the danger of unfair prejudice, given the length of time since the incident at issue occurred. *Id.* at 7–8; *see* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice[]"). The Government asserts that courts have found "remoteness in time" to be a key factor in excluding "certain unfairly prejudicial information," and that the eighteen years since the incident in question supports a finding that the evidence of the disciplinary action is of minimal probative value. *Id*. at 8 (quoting *United States v. Stoecker*, 215 F.3d 788, 790 (7th Cir. 2000)).

The Government's reliance on *U.S. v. Lawson*, 810 F.3d 1032 (7th Cir. 2016), is well-taken. In *Lawson*, the defendant appealed his conviction, in part, on the basis that the government did not disclose a law enforcement witness' disciplinary file in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Seventh Circuit determined that the government's failure to disclose the disciplinary file was a *Brady* violation, however the court affirmed the defendant's conviction

3

given the immateriality of the disciplinary file contents. The law enforcement witness' file contained four reprimand letters ranging from 1998 to 2013 for infractions including failure to log evidence into the evidence management system, a preventable accident involving a police vehicle, and improper conduct. *See Lawson*, 810 F.3d at 1038. The Seventh Circuit found that disciplinary history was immaterial to the attempted robbery and aiding and abetting the use of a firearm charges.

The Government argues that to allow the Defendants to impeach the credibility of the LE Witness with evidence of his past disciplinary action would violate Rules 403, 404, 608, and 609 of the Federal Rules of Evidence and this Court should issue an order excluding any questioning related to it (Filing No. 726 at 12). The Government's Motion was filed late, and thus far no Defendant has responded[1].

The Court determines that the probative value of the LE Witness' 2004 disciplinary action is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Like *Lawson,* the 2004 disciplinary action is not probative of the material matters in this case. The instant case concerns a wide-ranging law enforcement investigation wherein the LE Witness assisted with controlled buys and his testimony will reflect as much and can be corroborated by other evidence and officers (Filing No. 726 at 10). The LE Witness' suspension eighteen years ago related to erasing part of a video does not support a finding that he would proffer untruthful testimony at trial or that it is more probable than not that he either manipulated or mishandled evidence during the investigation in this case. Further, the Government asserts that the LE Witness' testimony will also be corroborated by other evidence such as "video recordings memorializing his observations and cooperator testimony." *Id*. Ultimately, the admission of the 2004 disciplinary action unrelated to

---

[1] The Court will allow the Defendants an opportunity to respond orally at the January 18, 2022 pretrial conference.

4

the material issues in this case weighs in favor of exclusion because there is a high risk of unfair prejudice.  *See Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013) (permitting the exclusion of otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . *unfair prejudice*[]") (emphasis added).

Orders *in limine* are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer.  *Luce v. United States*, 469 U.S. 38, 41 (1984).  In the event the Defendants later wish for the Court to change its ruling, they must be prepared to explain what specific facts or circumstances provide the basis for seeking admission of this potential impeachment evidence.  *See Wilson v. Williams*, 182 F.3d 562, 567 (7th Cir. 1999) (en banc) ("A judge who expresses a tentative or conditional ruling can by that step require the parties to raise the issue again at trial.").  The Court **grants** the Government's Motion.

### III.   CONCLUSION

The Government's Motion *in Limine,* (Filing No. 726), is **GRANTED**.  The Court therefore **ORDERS** that Defendants' counsel **SHALL NOT** reference, imply, argue, ask questions about, or attempt to introduce evidence relating to the law enforcement witness' 2004 disciplinary action.  The Government's Motion shall remain **SEALED** on the docket.  An order *in limine* is not a final, appealable order.  If the Defendants believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury.

**SO ORDERED**.

Date:  1/18/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

5

DISTRIBUTION:

Kenneth Lawrence Riggins
Kennethriggins@yahoo.com

John L. Tompkins
BROWN TOMPKINS LORY & MASTRIAN
johnltom@mac.com

Doneaka Rucker-Brooks
LAW OFFICE OF DONEAKA BROOKS
doneakabrooks@yahoo.com

Andrew J. Borland
LAW OFFICE OF ANDREW BORLAND
ajb@indianapolisdefense.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Ross G. Thomas
THE LAW OFFICE OF ROSS G. THOMAS
rossthomas@defenselwyerindiana.com