## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cr-00096-TWP-DLP |
| | ) |
| CHRISTOPHER TATE, | ) -1 |
| SANDRA KELLOGG, and | ) -6 |
| DWYATT HARRIS, | ) -11 |
| | ) |
| Defendants. | ) |

### ENTRY ON GOVERNMENT'S *SANTIAGO* PROFFER

The Government has filed a Proffer in Support of the Admissibility of Co-Conspirators' Declarations (a "*Santiago* proffer") (Filing No. 752). For the reasons stated below, the Court finds the proffer is sufficient and the statements are conditionally deemed admissible.

### I.   LEGAL STANDARD

Rule 801(d)(2)(E) of the Federal Rules of Evidence provides that statements by co-conspirators made during the course and in furtherance of the conspiracy is not hearsay excluded under Rule 802. When a statement of a co-conspirator which would otherwise have been regarded as hearsay is proffered, a preliminary question arises under Rule 104 of the Federal Rules of Evidence. Rule 104 requires a preliminary determination by the trial judge as to the admissibility of the declaration of a co-conspirator. Under Rule 104, the competence of a co-conspirator declaration justifying its admissibility depends upon whether or not the existence of the conspiracy has been sufficiently established by independent evidence, and whether under Rule 801(d)(2)(E) the declaration was made during the course and in furtherance of the conspiracy. The trial judge retains the option of conditionally admitting the co-conspirator declaration evidence before the

conspiracy has been independently established, but subject to the subsequent fulfillment of that critical condition. The standard to be applied during this competency determination is, "…if it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible." *United States v. Santiago,* 582 F.2d 1128 (7th Cir. 1978). In addition, the existence of a criminal conspiracy may be proven entirely by "way of circumstantial evidence." *United States v. Viezca*, 265 F. 3d 593, 597 (7th Cir. 2001).

## II.   DISCUSSION

The Second Superseding Indictment alleges that Tate was the leader of a drug trafficking organization that distributed methamphetamine and heroin in the Indianapolis, Indiana area beginning in Summer 2019 through March 19, 2020. (Filing No. 514.) Kellogg allegedly distributed methamphetamine for Tate, and Harris allegedly served as a drug runner for Kellogg. *Id*. All three Defendants are charged in Count One: Conspiracy to Distribute Controlled Substances. Tate is charged in Count Two: Distribution of Methamphetamine, Count Three: Possession of Methamphetamine with Intent to Distribute and Count Four: Distribution of Methamphetamine. Kellogg is charged in Count Five: Possession of Methamphetamine with Intent to Distribute. Sentencing Enhancements are filed against Tate which allege that he has a prior conviction for a serious violent felony, as well as the status of being on pretrial release at the time of committing Count Four. (Filing No. 514 at 7-8.)

A proffer was filed under seal on January 30, 2022. (Filing No. 752.) To date, no defendant has filed an objection to the *Santiago* proffer. The proffer summarizes the evidence that will establish, by a preponderance of the evidence, that the Defendants conspired with each other and others to traffic drugs. The proffered evidence includes testimony concerning the actions of the

Defendants, physical evidence, and the statements to be offered pursuant to Federal Rule of Evidence 801(d)(2)(E). The proffer also summarizes the statements of the co-conspirators and other members of the conspiracy regarding: deliveries of controlled substances; transportation of controlled substances and currency; making arrangements to meet; the roles and participation of the various conspirators; arrangements concerning different quantities of controlled substances and prices to be charged; arrangements concerning payments of currency to various members of the conspiracy; efforts to collect money from various members of the conspiracy; arrangements for buying and selling controlled substances; efforts to solicit new drug customers; the potential cooperation of other individuals; measures calculated to avoid law enforcement; and discussions of loss of controlled substances, money and firearms through law enforcement actions and otherwise, in order to recover from such losses and to determine the reason for the loss and prevent recurrence.

The Court has reviewed the Government's proffer in detail. The proffer sets forth a coherent and facially plausible story that does not, at the present time, appear to be contradicted by extrinsic evidence. *See United States v. Brookins*, 52 F.3d 615, 623 (7th Cir. 1995). Regarding the charged conspiracy, the Government's proffer provides sufficient evidence to convince the Court by a preponderance of the evidence that (1) the conspiracy existed, (2) the Defendants and other declarants were members of the conspiracy, and (3) the statement(s) sought to be admitted were made during and in furtherance of the conspiracy. *See United States v. Cox*, 923 F.2d 519 (7th Cir. 1991). Thus, the Court finds the proffer is sufficient for present purposes.

### III. CONCLUSION

The co-conspirator statements summarized by the Government in its proffer are conditionally admitted pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence at the trial

of this matter, subject to the Defendants' right to later object if the proffered evidence does not materialize. Further, nothing in this Order precludes the Court's ability to divert from these preliminary findings based on evidence produced at trial. The proffer therefore is conditionally **GRANTED.**

    **SO ORDERED.**

Date: 2/1/2022

                                          Hon. Tanya Walton Pratt, Chief Judge
                                          United States District Court
                                          Southern District of Indiana

DISTRIBUTION:

Kenneth Lawrence Riggins
kennethriggins@yahoo.com

Ross G. Thomas
THE LAW OFFICE OF ROSS G. THOMAS
rossthomas@defenselawyerindiana.com

Andrew J. Borland
LAW OFFICE OF ANDREW BORLAND
ajb@indianapolisdefense.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov