**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cr-00096-TWP-DLP |
| | ) | |
| CHRISTOPHER TATE, | ) | -01 |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL**

This matter is before the Court Defendant Christopher Tate's ("Tate") Motion for a Judgment of Acquittal or Alternatively, for a New Trial. (Filing No. 860). Following a trial by jury held February 7, 2022 until February 15, 2022, the jury found Tate guilty of Count 1: Conspiracy to Distribute Controlled Substances, Count 2: Distribution of Methamphetamine, Count 3: Possession of Methamphetamine with Intent to Distribute and Count 4: Distribution of Methamphetamine. (Filing No. 790). For the reasons stated in this entry, the Motion is **denied**.

## I.  DISCUSSION

As noted above, on February 15, 2022 the jury returned a verdict finding Tate guilty of Counts One through Four of the Second Superseding Indictment, and the jury was discharged. (Filing No. 782). On June 13, 2022, the Court sentenced Tate below the advisory guideline range to 400 months imprisonment followed by five years of supervised release. (Filing No. 851).  Tate filed a Notice of Appeal (Filing No. 854) and his appeal has been docketed in the United States Court of Appeals for the Seventh Circuit. (Filing No. 859). On June 22, 2022, Tate filed the instant Motion in this closed case, asking the Court, pursuant to Federal Rules of Criminal Procedure 29 and 33 for a Judgment of Acquittal or, in the alternative, for a new trial. In his Motion, Tate argues

that the evidence brought forward during the Government's case-in-chief was insufficient to sustain convictions on the four counts. (Filing No. 880).

Federal Rule of Criminal Procedure Rule 29(a) provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The rule goes on to state that after the jury verdict or discharge, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).

Federal Rule of Criminal Procedure 33 provides, in relevant part, that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). However, "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). In addition, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

As noted by the Government in their Response,

Both the motion for judgment of acquittal and motion for new trial are untimely. Rule 29 of the Federal Rules of Criminal Procedure requires a defendant to file a motion for judgment of acquittal within fourteen days of the jury verdict. Fed. R. Crim. Proc. 29(c)(1). Rule 33 of the Federal Rules of Criminal Procedure likewise requires a defendant to file a motion for a new trial within fourteen days of the jury verdict, absent an allegation of newly discovered evidence. Fed. R. Crim. Proc. 33(b)(2).

(Filing No. 880 at 2).

The Government is correct, Tate filed the instant Motion 127 days after the jury verdict; well over the fourteen days allowed under the rules of criminal procedure. Importantly, Tate does not include an allegation of any newly discovered evidence in his motion which would allow a trial court to consider a Rule 33 motion after the 14 day time period. Instead, Tate's request for relief is based only on insufficiency of the evidence.  The Government is also correct in its assertion that Tate's appeal divests this Court of jurisdiction over this matter, and this Court does not currently have jurisdiction to address the merits of his Motion.

Accordingly, the Motion is denied because it is untimely filed and the trial Court no longer has jurisdiction over this closed case.

## II.  CONCLUSION

For the reasons explained above, Defendant Christopher Tate's Motion for a Judgment of Acquittal or Alternatively, for a New Trial (Filing No. 860) is **DENIED**.

**SO ORDERED.**

Date:   7/20/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Kenneth Lawrence Riggins
Kennethriggins@yahoo.com

3